**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>**MARY RAY**<br><br>　　　　　　　Defendant. | **CASE NUMBER: 3:14CR078-001**<br>**USM Number: 13803-027**<br><br><br>**KURT R EARNST**<br>**DEFENDANT'S ATTORNEY** |

**JUDGMENT IN A CRIMINAL CASE**

**THE DEFENDANT** was found guilty on counts 1s-11s of the Superseding Indictment on 9/17/2015.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:666(a)(1)(A) THEFT OF FEDERAL PROGRAM FUNDS AND EMBEZZLEMENT | December 31, 2012 | 1s-2s |
| 26:7206(1) FALSE STATEMENTS ON FEDERAL TAX RETURNS | December 31, 2013 | 3s-4s |
| 18:1343 WIRE FRAUD | November 22, 2014 | 5s-11s |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Final order of forfeiture filed on 3/2/2016.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

March 2, 2016
Date of Imposition of Judgment

s/ Jon E. DeGuilio
Signature of Judge

Jon E. DeGuilio, United States District Judge
Name and Title of Judge

March 3, 2016
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **78 months on each of Counts 1s, 2s, and 5s through 11s; to be served concurrently to a term of 36 months on each of Counts 3s and 4s; and a term of 6 months on the enhancement under § 3C1.3 for Counts 8s through 11s, to be served consecutively to the sentences under Counts 1s through 11s; <u>for a total term of 84 months imprisonment.</u>**

The Court makes the following recommendations to the Bureau of Prisons: That the Bureau of Prisons designate as the place of the defendant's confinement, if such placement is consistent with the defendant's security classification as determined by the Bureau of Prisons, a facility where she may receive treatment for the various conditions noted in paragraphs 60 and 61 of the PSR; and that the defendant be placed in a facility as close as possible to her family in the Northern District of Indiana.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons no later than **9:00 A.M.** on **April 13, 2016**. If Defendant is unable to report to the designated institution as required, then Defendant shall voluntarily surrender to the United States Marshal's office located in the South Bend Federal Courthouse on the required date and time.

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____,
with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **1 year on each of Counts 1s through 11s, to run concurrently, for a total term of 1 year.**

## CONDITIONS OF SUPERVISION

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall cooperate with the probation officer with respect to the collection of DNA.

4. The defendant shall report to the probation officer in the manner and as frequently as the court or the probation officer directs, and shall notify the probation officer within 48 hours of any change in residence, employer, position or location of employment and within 72 hours of being arrested or questioned by a police officer.

5. The defendant shall not knowingly travel outside the district without the permission of the probation officer, who shall grant such permission unless the travel would hinder the defendant's rehabilitation or present a public safety risk.

6. The defendant shall answer truthfully any inquiry by the probation office pertaining to the defendant's supervision and conditions of supervision, and shall follow the instruction of the probation officer pertaining to the defendant's supervision and conditions of supervision. This condition does not prevent the defendant from invoking the Fifth Amendment privilege against self-incrimination.

7. The defendant shall permit a probation officer to meet the defendant at home or any other reasonable location and shall permit confiscation of any contraband the probation officer observes in plain view. The probation officer shall not conduct such a visit between the hours of 11:00 p.m. and 7:00 a.m. without specific reason to believe a visit during those hours would reveal information or contraband that wouldn't be revealed through a visit during regular hours.

8. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (meaning an instrument designed to be used as a weapon and capable of causing death or serious bodily harm).

9. The defendant shall undergo a gambling addiction assessment upon her placement on supervision. If that assessment recommends a course of treatment or counseling, the probation office may petition the Court to add such a condition at that time.

10. The defendant shall not incur new credit charges or open additional lines of credit or other financial accounts without the prior approval of the probation officer.

11. The defendant shall provide the probation officer any and all requested financial information, including copies of state and federal tax returns.

12.  It is further ordered that the defendant shall pay restitution to the United States District Court Clerk's Office, South Bend, Indiana, which shall be due immediately, to be disbursed to the following victim(s):  LaPorte County Government in the amount of $156,274.61, Norman Ray in the amount of $603,108.05, and the Internal Revenue Service in the amount of $41,933.00.  The defendant shall commence restitution payments in the manner and schedule as determined by the Court.  The imposed payment schedule will remain in effect until such time as the Court is notified by the defendant, victim, or government that there has been a material change in the defendant's ability to pay.  Restitution shall be paid at a minimum rate of no less than $100.00 per month, commencing 60 days after placement on supervision until said amount is paid in full. Failure to pay according to this condition shall not be grounds for imprisonment unless the failure is willful.

Within 72 hours of defendant's release from prison, the probation officer is to meet with and remind the defendant of the conditions of his supervision and also to consider whether to recommend to the Court any modifications of or additions to those conditions in light of any changes in the defendant's circumstances since the sentencing hearing. Consistent with *United States v. Siegel* (7th Cir. May 29, 2014), the Court also directs the Probation Office to notify the Court within 30 days of defendant's placement on supervision so that it may consider any appropriate modifications to the defendant's supervised release and schedule a hearing on that topic, if necessary.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $1,100.00 | NONE | $801,315.66 |

The Total Assessment above consists of $100.00 on each of Counts 1 through 11. The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $801,315.66 is hereby imposed.

The defendant shall make restitution payments (including community restitution, if applicable) payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601, for the following payees in the amounts listed below.

To the extent the Department of Justice decides to apply any forfeited funds to the defendant's restitution obligations pursuant to its restoration program, those payments should be disbursed first to Norman Ray. Any other payment that is not payment in full shall be divided equally between LaPorte County and Norman Ray, until those obligations are satisfied, after which the payments shall be applied to the obligation to the Internal Revenue Service. 18 U.S.C. § 3664(i) ("In any case in which the United States is a victim, the court shall ensure that all other victims receive full restitution before the United States receives any restitution.").

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Norman Ray | | $ 603,108.05 | |
| **LaPorte County Government** | | $ 156,274.61 | |
| **Internal Revenue Service** | | $   41,933.00 | |
| **Totals** | | $ 801,315.66 | |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## FORFEITURE

The Defendant shall forfeit to the United States of America the following:

1. **$ 9,011.90 from account XXXXX440 at Horizon Bank;**

2. **$ 123,061.84 from account number XXXX390 at Horizon Bank; and**

3. **$ 5,157.85 from account number XXX469 at LaPorte Savings Bank.**


## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  Lump sum payment of $ 801,315.66 due immediately, balance due, in accordance with B, below;

B  Payment in equal monthly installments of not less than $ 100.00, to commence 60 days after the defendant's placement on supervision;

The defendant may also make payments for her financial obligations imposed herein from any wages she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program, although participation in that program is voluntary. The defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which she might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination.  Any portion of the defendant's financial obligations not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Name: <u>MARY RAY</u>
Docket No.: <u>3:14CR078-001</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

    Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____     _____
Defendant                                                                                  Date


_____     _____
U.S. Probation Officer/Designated Witness                              Date