UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 3:14-CR-078 JD |
| ) | Case No. 3:16-CV-863 JD |
| MARY RAY ) | |

### ORDER

A jury found defendant Mary Ray guilty on two counts of theft of government monies; two counts of filing false tax statements; and seven counts of wire fraud. The first four counts arose out of her embezzlement of over $150,000 while working as a deputy auditor for LaPorte County. The wire fraud counts arose out of a separate scheme following her employment with LaPorte County, during which she stole over $600,000 from her father-in-law. Ms. Ray received a sentence of 84 months of imprisonment. She then filed an appeal in which she contested only the sufficiency of the evidence on the wire fraud convictions, but the Seventh Circuit affirmed.

Now proceeding *pro se*, Ms. Ray has filed a motion under 28 U.S.C. § 2255, seeking to vacate her convictions and sentence based on a claim of ineffective assistance of counsel. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Here, it plainly appears from Ms. Ray's motion and the record of prior proceedings that she is not entitled to any relief on her claim, so the Court dismisses her motion.

To prevail on a claim of ineffective assistance of counsel, a defendant must first show that her attorney performed deficiently—that the representation was incompetent and "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). Second, a defendant must show that

"the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Ms. Ray cannot make either showing here.

Ms. Ray first complains that her attorney failed to call certain witnesses in her defense. To assert a claim that counsel was ineffective for failing to call witnesses at trial, a defendant must make a "specific, affirmative showing as to what the missing . . . testimony would have been." *United States ex rel. Partee v. Lane*, 926 F.2d 694, 701 (7th Cir. 1991); *see also United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim."). Ms. Ray has made no attempt to do so here. She does not state who the witnesses were, what their testimony would have been, or even what charge it would have been relevant to. Nor does she give any indication of how that testimony would have undermined the considerable evidence of her guilt. Rather, the entirety of her argument on this point is as follows: "I had several key witnesses that needed to testify at my trial that would have proved my innocence. My attorney didn't call them. He stated that less witnesses the better." Such an undeveloped, unsupported, and conclusory argument plainly fails to meet either ineffective-assistance prong.

Second, Ms. Ray notes that her attorney did not seek a mistrial when an alternate juror was excused. There were no grounds for such a request, though, so counsel was not ineffective in that respect, either. By way of background, during the presentation of evidence in the afternoon of the first day of trial, the Court excused the jury and heard argument from counsel about evidence that the Court had previously excluded—specifically, evidence that the State Board of Accounts' investigation concluded that Ms. Ray was responsible for the theft of money from LaPorte County. Since the jury had been excused, the discussion of that excluded evidence was

held in open court. Once that discussion was concluded, but before the jury was called back, it came to the Court's attention that the husband of one of the alternate jurors was observing the proceedings in the gallery. In an abundance of caution, and to ensure that the gentleman would not inadvertently relate the excluded evidence to his wife, who might then relate it to other jurors, the Court proposed excusing the alternate juror, and the parties agreed. [DE 140 p. 127–30]. In her motion, Ms. Ray mistakenly claims that it was not until the next day that the Court excused the alternate juror, and that the husband could have related the information to her over a lunch break. To the contrary, the alternate juror was excused the same day this occurred, and had no opportunity to interact with her husband prior to being excused. [DE 140 p. 149–51]. Thus, there is no possibility that any excluded information could have been conveyed to the jury in that manner. Counsel was therefore not ineffective for failing to move for a mistrial, as such a motion would have been denied, and for the same reasons, Ms. Ray suffered no conceivable prejudice.

Third, Ms. Ray argues that audits by the State Board of Accounts "showing that there were major financial problems in the [Auditor's] office prior to [her] employment were not admitted into evidence." All of those reports were admitted into evidence, though, except for one. The audit reports from 2009, 2010, 2011, and 2012 were each admitted into evidence and discussed at trial. [Defense exhibits 1–4, DE 86]. Defense counsel also sought to offer the 2008 report, but the Court sustained the government's objection and excluded that report on relevance grounds. [DE 140 p. 101–06]. Thus, by offering each of these reports, counsel did exactly what Ms. Ray argues he should have. Moreover, the evidence of Ms. Ray's guilt of the thefts from LaPorte County was so strong that there is no chance that this evidence would have made any difference.

Finally, Ms. Ray argues that her attorney failed to file a motion for a judgment of acquittal. The Court would have denied such a motion, though. A motion for a judgment of acquittal will only be granted if "the evidence is insufficient to sustain a conviction" on a given charge. Fed. R. Crim. P. 29(a). A defendant "faces a nearly insurmountable hurdle" in prevailing on such a motion because a court must "consider the evidence in the light most favorable to the Government," and will grant the motion "only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999). The evidence of Ms. Ray's thefts from LaPorte County, which gave rise to Counts 1 through 4, was overwhelming, and Ms. Ray did not even challenge those convictions on appeal. The evidence of Ms. Ray's guilt of the wire fraud counts was also strong, and though the court of appeals reviewed under a plain error standard, it found sufficient evidence to support those convictions:

> A jury could conclude both that Ray hatched a scheme to defraud Norman and that she implemented this scheme using the instrumentalities of interstate commerce, such as the communications lines that permit ATMs to check account balances and dispense cash. The evidence permitted the jury to find that Ray deceived Norman about how she planned to use the money and deliberately exceeded her authority under the power of attorney. Her conduct also permitted the jury to infer that she intended to defraud Norman. Ray asserts that Norman gave her oral permission to use money for her benefit (and her husband's) if it was needed—but Norman, who testified that he could not recall making such a statement and could scarcely recall events from day to day, added that he did not view gambling as a need and would never have authorized either the power of attorney or these withdrawals had Ray told the truth. No more is necessary for conviction. *See, e.g.*, *United States v. Henningsen*, 387 F.3d 585, 589 (7th Cir. 2004); *United States v. Leahy*, 464 F.3d 773, 787–89 (7th Cir. 2006).

*United States v. Ray*, No. 16-1572, 2016 WL 6990028, at *1 (7th Cir. Nov. 29, 2016). Therefore, Ms. Ray cannot demonstrate either that counsel was ineffective for failing to move for a judgment of acquittal or that she suffered any prejudice as a result.

4

For those reasons, the Court finds that it plainly appears from the motion and the record of prior proceedings that Ms. Ray is not entitled to relief. Accordingly, the Court DENIES the motion under § 2255. [DE 144]. The Court likewise DENIES the issuance of a certificate of appealability, as Ms. Ray's claim is not sufficient to deserve encouragement to proceed further, and its resolution is not debatable.

The Court advises Ms. Ray that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate.  The Court further advises Ms. Ray that Rule 4(a) of the Federal Rules of Appellate Procedure governs the time to appeal an order entered under the rules governing § 2255 proceedings. *See* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts.  Under Rule 4(a), when the United States is a party in a civil case, any notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

SO ORDERED.

ENTERED:  December 28, 2016

                                                    /s/ JON E. DEGUILIO
                                                    Judge
                                                    United States District Court