UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | |
| v. ) | Case No. 3:14-CR-078 JD |
| ) | 3:17-CV-907 JD |
| MARY RAY ) | |

**ORDER**

Defendant Mary Ray was convicted on multiple theft, tax, and fraud counts, and received a sentence of 84 months of imprisonment. She appealed, but the Seventh Circuit affirmed her convictions. In December 2016, after the Seventh Circuit issued its opinion affirming Ms. Ray's convictions, Ms. Ray filed a motion in this Court seeking to vacate her convictions under 28 U.S.C. § 2255. [DE 144]. The form Ms. Ray used to file the motion explicitly directed her to state "every ground" she may have for relief, and cautioned her that she "may be barred from presenting additional grounds at a later date." [DE 144 p. 3]. In support of her motion, Ms. Ray primarily alleged that her trial counsel was ineffective. After considering Ms. Ray's motion, the Court denied it at the screening stage and entered judgment. [DE 146, 147]. Ms. Ray did not appeal.

Now, by new counsel, Ms. Ray has filed another motion § 2255, again arguing that her trial counsel was ineffective. [DE 156[1]]. However, the fact that Ms. Ray already filed a motion under § 2255 calls into question whether the Court has jurisdiction to consider what is now her second motion under § 2255. As the Seventh Circuit recently explained:

> Section 2255 gives a federal prisoner one opportunity to challenge a conviction and sentence following a direct appeal. See 28 U.S.C. § 2255(a), (h). If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to certify the motion and authorize the district court to hear it. See 28 U.S.C.

---

[1] The Clerk's office re-docketed the motion so that the docket would reflect the correct filing event, consistent with the Clerk's practices.

§§ 2244(a)–(b), 2255(h). The court of appeals may authorize a second or successive motion only if it presents either (1) newly discovered evidence that makes a clear and convincing showing of innocence or (2) a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255(h). Without authorization from the court of appeals, the district court has no jurisdiction to hear the petition.

*Suggs v. United States*, 705 F.3d 279, 281–82 (7th Cir. 2013); *see also Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."). Ms. Ray's present motion does not acknowledge her first motion or suggest that she has received permission from the court of appeals for its filing, and a review of the court of appeals' docket shows that she has neither sought nor received permission to file a second motion under § 2255.

Accordingly, Ms. Ray is ORDERED to show cause, by December 14, 2017, why her motion under § 2255 should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

ENTERED:  December 1, 2017

                                                       /s/ JON E. DEGUILIO
                                                       Judge
                                                       United States District Court