# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 18, 2017
Decided January 5, 2018

**CERTIFIED COPY**
A True Copy
Teste:

_[signature]_

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 17-3589

MARY RAY,
　　　*Applicant*,

　　　*v.*

UNITED STATES OF AMERICA,
　　　*Respondent*.

On Motion for an Order Authorizing the
District Court to Entertain a Second or
Successive Motion for Collateral Review.

**O R D E R**

In 2016 Mary Ray was convicted by a jury of stealing federal funds, 18 U.S.C. § 666(a)(1)(A), making false statements on tax returns, 26 U.S.C. § 7206(1), and wire fraud, 18 U.S.C. § 1343, and was sentenced to 84 months' imprisonment. We affirmed her conviction and sentence. *United States v. Ray*, 670 F. App'x 895 (7th Cir. 2016). Ray then filed a collateral attack under 28 U.S.C. § 2255, contending that trial counsel was ineffective for failing to call "key witnesses," admit certain audit reports into evidence, seek a mistrial after an alternate juror was excused, and move for a directed verdict. The district court denied the motion, and Ray did not appeal. *Ray v. United States*, No. 3:16-cv-00863-JD (N.D. Ind. Dec. 29, 2016).

Ray, through counsel, now applies under 28 U.S.C. § 2244(b)(3) and § 2255(h) for leave to file a successive § 2255 motion. She proposes arguing that her trial counsel was

No. 17-3589                                                                                    Page 2

ineffective for not calling several witnesses, for having undue familiarity with a government witness, and for generally mishandling the case. But any claim of ineffectiveness is barred by § 2244(b)(1) because Ray already asserted ineffective assistance in her first § 2255 motion. *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Brannigan v. United States*, 249 F.3d 584, 588 (7th Cir. 2001). In any event, none of the theories of counsel's ineffectiveness that Ray advances relies on a new and retroactive rule of constitutional law, *see* § 2244(b)(2)(A), or on a previously unavailable factual predicate that establishes her innocence, *see* § 2244(b)(2)(B).

Thus, we deny authorization and dismiss Ray's application.